UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WALID ELSADY,

    Plaintiff,

-vs-

RAPID GLOBAL BUSINESS SOLUTIONS,
 INC., a Domestic Profit Corporation, and
CARCO GROUP, INC., a Foreign Profit
Corporation, jointly and severally,

    Defendants.
_____/

Case No. 09-11659
Hon: AVERN COHN

# MEMORANDUM AND ORDER GRANTING DEFENDANT RGBSI'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

### I. Introduction

This is a Fair Credit Reporting Act (FCRA) case under 15 U.S.C. § 1681 et seq. Plaintiff Walid Elsady (Elsady) secured an offer of employment from non-party SAIC, Inc. (SAIC) which was contingent upon employment and education screening. SAIC retained defendant CARCO Group, Inc. (CARCO) to conduct the background screening. Defendant Rapid Global Business Solutions, Inc. (RGBSI), a former employer, was contacted by CARCO. RGBSI erroneously reported to CARCO that Elsady had been terminated for performance reasons; this information was relayed to SAIC. After receiving the information, SAIC rescinded Elsady's employment offer. Elsady claims that RGBSI and CARCO violated the FCRA as well as state law by providing and failing to correct the erroneous employment information. His complaint is in four counts:

>    (I)   Business Defamation as to RGBSI and CARCO,
>
>    (II)  Libelous Defamation as to RGBSI and CARCO,
>
>    (III) Willful Violation of 15 U.S.C. § 1681s as to RGBSI and CARCO, and
>
>    (IV)  Negligent Violation of 15 U.S.C. § 1681s as to RGBSI and CARCO

Now before the Court is RGBSI's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6).[1] RGBSI asserts that Elsady's claims pursuant to 15 U.S.C. § 1681s-2(a) are barred by statute and his claims pursuant to 15 U.S.C. § 1681s-2(b) have not been properly plead. It further asserts that Elsady's state law claims are preempted by the FCRA. For the reasons that follow, RGBSI's motion will be granted.

## II. Facts

The following facts are taken from Elsady's complaint.[2]

On February 25, 2008 RGBSI offered Elsady employment as a manufacture control engineer. He completed his first assignment in a satisfactory manner on June 26, 2008. On August 8, 2008 he was laid off. His termination was not performance related and he was eligible for rehire.

On November 7, 2008 SAIC offered Elsady employment as an electrical engineer. The offer was contingent on the results of a background screening of his education and employment history. SAIC retained CARCO to perform the background

---

[1] CARCO's motion for summary judgment is also before the Court. Due to the different procedural postures of the motions and the different standards of review, the Court addresses these motions in separate orders.

[2] Because RGBSI has filed a motion to dismiss, the Court must accept as true the facts alleged in Elsady's complaint and will not consider other information obtained during discovery.

screening.

On November 27, 2008 CARCO contacted RGBSI to verify Elsady's employment history. RGBSI mistakenly told CARCO that Elsady was terminated due to job performance and was not eligible for rehire. CARCO reported this information to SAIC. As a result, SAIC determined that Elsady had falsified his employment record and rescinded the employment offer.

After learning that SAIC had received an inaccurate employment report, Elsady contacted RGBSI directly on November 20, 2008. He demanded that RGBSI immediately retract and correct the information provided to CARCO and also contact SAIC directly to correct the error. On December 3, 2008 Elsady contacted CARCO and requested that it correct the inaccurate employment information. Elsady alleges that, despite these requests, RGBSI and CARCO failed to timely retract and correct the inaccurate information.

On January 21, 2009 Elsady again notified RGBSI and CARCO that they have provided inaccurate information and demanded that they correct their errors. Again, he alleges that no corrective action was taken.

### III. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombley, 550 U.S.544, 545 (2007). See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir.2007). The court is

"not bound to accept as true a legal conclusion couched as a factual allegation." Aschcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 1949 (internal quotation marks and citation omitted).

## IV. The FCRA

### A. The Law

#### 1. Introduction

The FCRA is intended to regulate the field of consumer reporting and protect individuals who are the subject of such reports. The statute was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter." 15 U.S.C. § 1681(b). The FCRA regulates three

primary groups: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies.[3]  E.g., Ruggerio v. Kavlich, 411 F. Supp.2d 734, 736 (N.D. Ohio 2005).  Under the act, a "consumer reporting agency may furnish a consumer report" to "a person which it has reason to believe – intends to use the information for employment purposes."  15 U.S.C. § 1681b(a)(3)(b).  Regulated entities are subject to civil liability if they willfully or negligently fail to comply with the FCRA's requirements.  15 U.S.C. §§ 1681n and 1681o.

## 2. Furnishers of Information

**a.**

The primary duties of furnishers of information are described in 15 U.S.C. § 1681s-2(a).  First, a furnisher is prohibited from furnishing information if it "knows or has reasonable cause to believe that the information is inaccurate" or if the consumer notifies the furnisher that specific information is inaccurate.  Id. § 1681s-2(a)(1).  Furnishers are also required to correct and update furnished information to ensure that it remains complete and accurate, id. § 1681s-2(a)(2), and to notify consumer reporting agencies if the consumer disputes the information that it provides, id. § 1681(a)(3).

However, there is no private cause of action pursuant to 15 U.S.C. §§ 1681n or 1681o if a furnisher fails to comply with the requirements described above.  15 U.S.C. § 1681s-2(c)(1).  Only states may maintain a cause of action against furnishers of information who willfully or negligently violate these requirements.  15 U.S.C. § 1681s(c)(1)(B).

---

[3] The parties agree that CARCO is a consumer reporting agency, SAIC is a user of consumer reports, and RGBSI is a furnisher for purposes of the FCRA.

5

**b.**

A furnisher of information is subject to additional requirements after a consumer reporting agency notifies it of a dispute with respect to the information that it provides. In such situations, the furnisher must (1) conduct an investigation, (2) review any information provided by the consumer reporting agency, (3) report the results of the investigation to the consumer reporting agency, (4) report any inaccuracies to all consumer reporting agencies which may have received the inaccurate information, and (5) correct any inaccuracies in the information it provides. 15 U.S.C. § 1681s-2(b).

However, these additional obligations do not arise until a furnisher of information has received notification from a consumer reporting agency. 15 U.S.C. §§ 1681i(a)(2), 1681s-2(b)(1). These obligations do not arise when a furnisher of information is contacted directly by a consumer. Misialowski v. DTE Energy Co., No. 07-14452, 2008 WL 2998948, at *3, (E.D. Mich. Aug. 1, 2008) ("[T]he duties under [15 U.S.C. § 1681s-2(b)] are triggered only by notice from a consumer reporting agency; notice from the consumer is insufficient.") (citing Downs v. Clayton Homes, Inc., 88 Fed. App'x 851, 853 (6th Cir. 2004)). Once proper notification is received, a furnisher must comply with these requirements within 30 days. 15 U.S.C. §§ 1681i(a)(1), 1681s-2(b)(2). When a furnisher fails to comply with the requirements of this subsection, a consumer can maintain a private cause of action alleging willful or negligent action on the part of the furnisher. See 15 U.S.C. § 1681s-2(c)(2).

### B. Application

#### 1. 15 U.S.C. § 1681s-2(a)

Elsady's complaint specifically alleges that RGBSI violated 15 U.S.C. § 1681s-2(a)(1)(A), 15 U.S.C. § 1681s-2(a)(1)(B), 15 U.S.C. § 1681s-2(a)(2)(A), and 15 U.S.C. § 1681s-2(a)(3). There is no need to assess the sufficiency of Elsady's pleadings with respect to these violations, because he cannot maintain a cause of action under § 1681s-2(a). As described above, 15 U.S.C. § 1681s-2(c)(1) limits liability under 15 U.S.C. § 1681s-2(a) to suits brought by states. Since this action was brought by a private consumer – Elsady – rather than the State of Michigan, it must be dismissed to the extent it relies upon a violation of 15 U.S.C. § 1681s-2(a).

#### 2. 15 U.S.C. § 1681s-2(b)

Elsady also asserts that he his compliant states a claim under 15 U.S.C. § 1681s-2(b). RGBSI asserts that Elsady failed to plead a violation of 15 U.S.C. § 1681s-2(a) because his complaint specifically alleges violations of 15 U.S.C. § 1681s-2(a). However, the headings to Counts III and IV assert violations of 15 U.S.C. § 1681s and put RGBSI on sufficient notice with respect to violations of that section, including subsection 1681s-2(b). RGBSI also asserts that his FCRA claims must still be dismissed because his complaint fails to allege facts sufficient to meet each element of 15 U.S.C. § 1681s-2(b).

As the Supreme Court noted in Iqbal, a court faced with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should begin be determining the elements needed to sustain the plaintiff's claim. Iqbal, 129 S.Ct. at 1947. Under 15 U.S.C. § 1681s-2(b),

a furnisher's obligations to not arise until it has received notice of a dispute from a consumer reporting agency. Elsady's complaint alleges that Elsady contacted both CARCO and RGBSI directly to dispute the information that RGBSI provided to CARCO; however, it does not allege that CARCO relayed that information RGBSI. While this may be a technical defect, courts have held that a consumer cannot satisfy this requirement by directly contacting a furnisher of information. E.g., Downs, 88 Fed. App'x at 853. Further, there is nothing in Elsady's compliant that would permit the Court to infer that CARCO must have relayed the dispute to RGBSI. Under these circumstances, the Court finds that Elsady failed to state a claim for violation of the FCRA.

### 3. Leave to Amend

In the event that the Court finds that he failed to state a claim upon which relief could be granted, Elsady has sought leave to amend his pleadings. RGBSI has challenged this request on grounds that discovery has already closed and that it would be prejudiced if Elsady were permitted to amend.

FED. R. CIV. P. 15(a)(2) states that a "court should freely give leave [to amend] when justice so requires." In this case, justice requires that Elsady be given an opportunity to amend. First, Elsady filed his compliant on May 1, 2009 – 18 days before the Supreme Court clarified the pleading requirements under FED. R. CIV. P. 8. To hold him to Iqbal's higher standard of pleading without providing an opportunity to amend would be unjust. Second, permitting Elsady to amend his complaint will not prejudice RGBSI. RGBSI's arguments are based solely on Elsady's complaint and could have been raised immediately after the complaint was served. Had RGBSI done so, Elsady

could have amended his complaint long before discovery closed. While it is true that discovery is closed and this action will be delayed by permitting Elsady to amend, RGBSI bears equal responsibility for the delay and cannot claim undue prejudice. Finally, the Court has reviewed deposition testimony related to defendant CARCO's motion for summary judgment and believes that Elsady can successfully amend his complaint to state a claim under 15 U.S.C. § 1681s-2(b). Elsady has a right to file an amended complaint within 10 days that is consistent with this order.

RGBSI has requested that it be permitted to file a motion for summary judgment as its first responsive pleading to any amended compliant. Because both parties have had ample time for discovery and Elsady's amended complaint is not expected to raise any new issues which have not been addressed by the parties, RGBSI may file a motion for summary judgment as its first responsive pleading.

## V. Preemption of State Law Defamation Claims

### A. The Law

**1.**

The FCRA contains two provisions which address the relationship between the FCRA and state law defamation claims. 15 U.S.C. § 1681h(e) states:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false

9

> information furnished with malice or wilful intent to injure such consumer.

In contrast, 15 U.S.C. § 1681t(B)(1)(F) states:

> No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply (I) with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); or (ii) with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996).

Either of these two statutory provisions can be applied to state law defamation claims, but with differing results. Defamation claims are permitted under § 1681h(e), but with a higher standard of proof; defamation claims are be completely barred under § 1681t(b)(1)(F). Stafford v. Cross Country Bank, 262 F. Supp. 2d 776, 785 (W.D. Ky. 2003).

**2.**

Despite the conflict that is apparent on the face of these two statutory section, it has not been addressed by the Sixth Circuit. Also the Court is not aware of any analysis of this conflict by a any Court of Appeals. District Courts addressing the conflict have been unable to reach a consensus and have identified four distinct approaches to reconciling the apparent conflict.

**a.**

The first approach to reconciling two sections of the FCRA is the "statutory approach." Under this approach, § 1681t(b)(1)(F) bars all state law claims based on statutory schemes, while the more lenient § 1681h(e) applies to common law claims such as defamation. Wolfe v. MBNA America Bank, 485 F. Supp. 2d 874, 886-87 (W. D. Tenn.

2007). This approach is justified in part on the fact that § 1681h(e) specifically lists three categories of common law claims – defamation, invasion of privacy, and negligence – and thus may be limited to common law claims. Id. at 886. In contrast, § 1681t(b)(1)(F) specifically exempts the statutory schemes from two states – Massachusetts and California – suggesting that it was only intended to apply to state statutory law. Id. A second justification for the statutory approach is that § 1681t(b)(1)(F) is a general preemption statute that bars all state law claims. In contrast, § 1681h(e) is a specific claim which only addresses common law tort claims. Under this approach, "[w]hen a specific statute carves out an exception to a general statute, the 'specific statute will not be controlled by the general one, regardless of the priority of enactment.'" Id. (quoting Morton v. Mancari, 417 U.S. 535, 550-51 (1974)).

However, there are several problems with this approach. First, there is nothing in the language of § 1681t(b)(1)(F) that limits its scope to state statutory schemes. The plain language of the statute suggests that it applies to all state law claims, regardless of their origin. While it is true that two such schemes are excepted, this does not suggest that state common law is also excepted. In addition, it is not clear that § 1681h(e) is the more specific statute. Even if § 1681h(e) only applies to common law tort claims, it applies to all entities regulated under the FCRA. In contrast, § 1681t(b)(1)(F) only applies to furnishers of information regulated under § 1681s-2. Thus there is an equally strong argument that § 1681t(b)(1)(F) is the more specific statute and should control in the case of conflict.

**b.**

The second approach to reconciling the two sections is the "temporal approach." Under this approach § 1681t(b)(1)(F) "preempts those claims relating to subject matter regulated under § 1681s-2" which only implicates actions "after the [furnisher] knew it possessed inaccurate information, or consciously avoided such knowledge." Wolfe, 485 F. Supp. 2d at 884 (citing Stafford, 262 F. Supp. 2d at 878). However, a consumer can maintain a defamation action against a furnisher if the claim arose before the furnisher knew it had reported inaccurate information under § 1681h(e). See Stafford, 262 F. Supp. 2d at 788.

While this approach appears to reconcile the two statutory sections, it actually reads § 1681h(e) out of the statute. This outcome can be seen in Stafford, where the court found that § 1681h(e) applied because the furnisher did not have prior notice of the inaccuracy. Id. at 788. However, the consumer's claim was still barred because, without prior notice of the inaccuracy, the furnisher's actions could not have been wilful or malicious. Id. Thus any plaintiff who met the heightened standard of § 1681h(e) by showing wilful or malicious conduct would find his claim barred by § 1681t(b)(1)(F) because a furnisher cannot act willfully or maliciously unless it has prior knowledge of the inaccuracy. Despite its appeal, this approach does not reconcile the two statutes.

**c.**

**1.**

A third approach reconciles the two statutes by subjecting each claim to § 1681h(e) as a first step and to § 1681t(b)(1)(F) as second step. Under this approach "[a]ll state law

claims that do not allege wilfulness are preempted by § 1681h(e) and any surviving claims alleging wilfulness are preempted if they involve a subject-matter regulated under § 1681s-2." Wolfe, 485 F. Supp. 2d at 885 (quoting Westbrooks v. Fifth Third Bank, No. 3:05-0644, 2005 WL 3240614, at *6 (M.D. Tenn. Nov. 30, 2005)). Under this analysis, any state law claim involving a subject matter regulated under § 1681s-2 are always preempted by § 1681t(b)(1)(F), even if they would be permitted under §1681h(e).[4]

**2.**

This approach best reconciles the two statutes. While some courts have argued that § 1681h(e) is more narrow and should control because only addresses state tort claims, Wolfe, 485 F. Supp. 2d at 885, one can also argue that § 1681t(b)(1)(F) is more narrow because it only applies to the subject matter addressed in § 1681s-2. Thus either statute can be considered the more narrow statute which should control when both statutes could apply. Section 1681t(b)(1)(F), which was enacted by amendment after § 1681h(e) was intended as the narrower statute, carving out a small subject matter related to furnishers of information. Thus § 1681t(b)(1)(F) did not impliedly repeal § 1681h(e) because that section still applies to all state law actions that do not involve furnishers of information.

---

[4]Some courts have distinguished between a claim that § 1681t(b)(1)(F) preempts all state law claims related to § 1681s-2 and thus impliedly repeals § 1681h(e) and a claim that § 1681t(b)(1)(F) acts as a second filter, barring some claims that are otherwise allowed under § 1681h(e). See, e.g., Wolfe, 485 F. Supp. 2d at 883-84, 885. Functionally, there is no difference between these two justifications for asserting that § 1681t(b)(1)(F) controls when the subject matter is covered by § 1681s-2-

**B. Analysis**

RGBSI asserts that Elsady's state law defamation claims are barred by 15 U.S.C. § 1681t(b)(1)(F) because they relate to RGBSI's actions as a furnisher of information to a consumer reporting agency. Because all state law claims involving subject matter covered by 5 U.S.C. § 1681s-2 are preempted, RGBSI's motion will be granted with respect to Counts I and II.

**VI. Conclusion**

For the reasons stated above, RGBSI's motion is GRANTED. The case is DISMISSED subject to Elsady's right to file an amended complaint (see page 9).

SO ORDERED.

      S/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated: February 26, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 26, 2010, by electronic and/or ordinary mail.

      S/Julie Owens
      Case Manager, (313) 234-5160